IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 1:11-cr-063
                                                                 Also Case No. 1:14-cv-080

                                                                  Chief Judge Susan J. Dlott
-  vs  -                                                 Magistrate Judge Michael R. Merz

PHILLIP AYERS,

                Defendant.    :

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

      This § 2255 case is before the Court on Defendant Phillip Ayers' Objections (Doc. No. 147) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 146) recommending the Motion to Vacate be dismissed with prejudice.  Chief Judge Dlott has recommitted the case for reconsideration in light of the Objections (Doc. No. 148).

**Ground One:  Ineffective Assistance of Trial Counsel at Plea**

      In his First Ground for Relief, Ayers asserts his trial attorney at the time of the plea, Richard Goldberg, did not explain the elements of possession of a firearm in furtherance of a drug trafficking offense and if he had explained the elements, Ayers would not have pled guilty.

1

Assuming the truth of that allegation, the Report concluded Ayers suffered no prejudice because the elements were thoroughly discussed during the plea colloquy (Report, Doc. No. 146, PageID 844).  As a second sub-claim in Ground One, Ayers claimed Goldberg did not tell him that possession of a key to the apartment where the firearms were found was sufficient to prove constructive possession of the firearm.  The Report recommends dismissing this sub-claim because Ayers admitted the location was his residence and Chief Judge Dlott found evidence of far more indicia of residence than possession of a key on the hearing to withdraw the guilty plea. *Id.* at PageID 845-46.

Ayers' Objections do not deal with the lack of prejudice findings in the Report but merely repeat his claim that it was deficient performance for Goldberg not to advise him of the elements of the §924(c) charge or the factual basis for the charge.  However, in the Objections he attempts to add two new sub-claims on Goldberg's asserted ineffectiveness:  "(3) for failing to explore potential defenses to the charge based on the factual information related by Mr. Ayers; and (4) for failing to properly advise Mr. Ayers that time on the 924(c) count would run concurrent to any drug trafficking counts." (Objections, Doc. No. 147, PageID 868.)  Those claims are simply not pled in the § 2255 Petition (See Doc. No. 126, PageID 566-71) and cannot be added by way of objection to a recommended dismissal of the claims which were made.

**Ground Two:  Ineffective Assistance of Trial Counsel**

In Ground Two, Ayers asserted Goldberg was ineffective for failure to obtain testimony from Kalana Rutland about the ownership and possession of the firearm which formed the basis

2

of is § 924(c) conviction.  The Report recommended dismissal of this claim because no evidence had ever been produced from Ms. Rutland about what her testimony would have been.  Ayers makes no objection as to this recommendation.

**Ground Three:  Failure to Suppress Evidence**

In his Third Ground for Relief, Ayers asserted Goldberg provided ineffective assistance of trial counsel by not properly litigating the motion to suppress and appellate counsel provided ineffective assistance of appellate counsel by not raising Goldberg's ineffectiveness on appeal. Goldberg's alleged deficient performance allegedly consisted in not asking the key question of whether the arresting officers manipulated the package found in co-defendant Showes' underwear before its nature as contraband became evident (Doc. No. 126, PageID 602).

The Report concluded there was no deficient performance in Goldberg's failure to ask the question because Ayers did not have standing to challenge the search of Showes' person (Report, Doc. No. 146, PageID 852).

The Objections recast this Ground for Relief as asserting appellate counsel was ineffective for not claiming directly that the trial court erred in not suppressing the evidence (Objections, Doc. No. 147, PageID 868-70).  The claim is directed not to the heroin found on Showes' person, but to that found on Ayers person in a search incident to arrest, the theory being that finding the heroin on Showes did not create probable cause to arrest Ayers.  The Objections emphasize no heroin was found on Ayers as a result of a *Terry* frisk or in the vehicle Ayers was driving, except in Showes' underwear (Doc. No. 147, PageID 869-70).  The facts not mentioned

3

in the Objections are the background facts the police had on Ayers involvement in drug trafficking and the fact that Ayers and Showes both had their pants unzipped when the stop was made.

In any event, to prevail on a claim of ineffective assistance of appellate counsel, a habeas petitioner or § 2255 movant must show the omitted argument is stronger than the arguments actually made.  *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing  Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008).  This Ayers has failed to do.

**Ground Four:  Unlawful Realtime Cellphone Tracking**

**1.      The Ping Order Was Not Authorized by 18 U.S.C. § 2703(d)**

In his Fourth Ground for Relief, Ayers asserts that it was unlawful for agents to obtain real-time tracking of his cellphone which was used as a substantial part of the investigation leading up to the traffic stop during which he was arrested and that the probable cause relied on in the search warrant affidavits was stale (Motion to Vacate Under § 2255, Doc. No. 126, PageID 604-09).  He asserts Mr. Goldberg's failure to raise these points in the suppression proceedings constituted ineffective assistance of trial counsel and appellate counsel provided ineffective assistance by not pursuing these claims. *Id.*

As pled, Ground Four had three sub-claims:  (1) the ping order and search warrants violated Ayers' Fourth Amendment rights, (2) Mr. Goldberg was ineffective for not making this argument, and (3) Mr. Nunnari provided ineffective assistance of appellate counsel for not

raising either of these issues on appeal. The Report found sub-claim 1 was waived by Ayers' guilty plea (Doc. No. 146, PageID 854). It also found Goldberg was not ineffective for failing to challenge the search warrants issued December 7, 2010, and January 14, 2011, because no evidence was seized as a result. *Id.* at PageID 861-62. No objection is raised to either of these two conclusions.

Instead, the Objections reassert that the ping order was unauthorized by statute and resulted in one or more unconstitutional searches. As noted in the Report, however, that is not the question before this Court on the § 2255 Motion. Rather, the question is whether Mr. Goldberg provided ineffective assistance of trial counsel when he did not make in June 2011 the arguments counsel now make for suppression.

Ayers spends four pages of the Objections (Doc. No. 147, PageID 871-74) arguing that the Stored Communications Act, 18 U.S.C. § 2703, does not authorize the real-time cellphone tracking order issued in this case because it only applies to stored content. The argument is plausible, but it does not speak to the situation face by Mr. Goldberg in 2011. The Application for Court Order of which Ayers complains (Doc. No. 138-3, PageID 776) does indeed purport to be made under 18 U.S.C. § 2703(d), but it goes well beyond the requirements of that statute in that it is supported by an affidavit of probable cause such as would be sufficient to support a search warrant under the Fourth Amendment. The statute on its face only requires an application showing "specific and articulable facts showing that there are reasonable grounds to believe" that the information sought is "relevant and material to an ongoing criminal investigation." Even though the Stored Communications Act may not authorize the cellphone real-time ping order, the Common Pleas Judge who issued the Order is certainly authorized under Ohio law to issue search warrants upon proof that satisfies the Fourth Amendment. Three prior applications for

court order in this case for production of the same kind of data were made by way of search warrant affidavits. *Id.* at PageID 764-75.

Ayers presents no case authority suppressing the fruits of a real-time cellphone ping order issued upon a sworn showing of probable cause, much less any authority holding it to be ineffective assistance of trial counsel to fail to make such an argument.

**2.     Ayers was Subjected to a Warrantless Search**

In the second part of the Objections on Ground Four, Ayers argues he was subjected to a warrantless search by virtue of the ping order (Doc. No. 147, PageID 874-77).

This argument assumes the Ping Order was not the functional equivalent of a search warrant, even though it was issued upon a sworn affidavit sufficient to ground a search warrant. As noted above, no case authority is cited for that proposition.

Given the authority relied on by Ayers, the phrase "warrantless search" begs the question. Ayers relies heavily on *Kyllo v. United States,* 533 U.S. 27 (2001), arguing that officers' pinging his cellphone in his house while he was asleep were the equivalent of the "search" done in that case.  In *Kyllo* the Supreme Court struck down the warrantless use of a thermal imaging device to determine that Kyllo had a marijuana growing operation in his home.  Ayers quotes Justice Scalia's stirring invocation of the "right of a man to retreat into his own home and there by free from governmental intrusion." (Objections, Doc. No. 147, PageID 874-75, quoting *Kyllo, supra*, at 31, *quoting Silverman v. United States*, 365 U.S. 505, 511 (1961)). But *Kyllo* involved the **warrantless** use of a thermal imaging device.  Given a search warrant issued on a finding of

6

probable cause by a neutral magistrate, law enforcement officers can intrude anywhere inside a home where the object of the search could be found.

As the Report notes, tracking a cellphone on public highways had already been held constitutional by the Sixth Circuit in 2004 in *United States v. Forest*, 355 F.3d 942 (6th Cir. 2004). *Forest* was reaffirmed in *United States v. Skinner*, 690 F.3d 772 (6th Cir. 2012), and the rationale was broadened to hold that a person has no reasonable expectation of privacy in the data given off by his cellphone. *Id.* at 777. Despite Ayers' rhetoric about the State searching inside his home while he was asleep, what actually happened was the police confirmed that Ayers' personally acquired, owned, and possessed cellphone was still in his residence and therefore he probably was also. As the Sixth Circuit held in *Skinner*, "[t]he law cannot be that a criminal is entitled to rely on the expected untrackability of his tools. . . . The recent nature of cell phone location technology does not change this. If it did, then technology would help criminals but not the police." *Id.*

**Conclusion**

Having reconsidered the case in light of the Objections, the Magistrate Judge again concludes Ayers has not proven Mr. Goldberg performed deficiently or that he was prejudiced thereby. Accordingly, it is again respectfully recommended that the § 2255 Motion be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit

7

that any appeal would be objectively frivolous and therefore should not be permitted to proceed

*in forma pauperis*.


December 29, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge


### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).