IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

          Plaintiff,      :      Case No. 1:11-cr-063
                                              Also Case No. 1:14-cv-080

                                              District Judge Susan J. Dlott
- vs -                                    Magistrate Judge Michael R. Merz

PHILLIP AYERS,

          Defendant.      :

## ORDER ADOPTING REPORTS AND RECOMMENDATIONS

This case under 28 U.S.C. § 2255 is before the Court on the Report and Recommendations Doc. No. 146) and Supplemental Report and Recommendations (Doc. No. 149) of United States Magistrate Judge Michael R. Merz to whom this case was referred pursuant to the General Order of Reference for this District. Petitioner has objected to both Reports and Recommendations (Doc. Nos. 137 and 151).

The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered de novo all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

In Ground One Ayers asserts he received prejudicial ineffective assistance of trial counsel when his trial attorney permitted him to plead guilty to the 8 U.S.C. § 924(c) count without

1

explaining the elements and specifically without explaining constructive possession. The Magistrate Judge found no prejudice because this Court discussed the elements during the plea colloquy and that far more indicia of residence at the Creekview apartment was shown than mere possession of a key (Report, Doc. No. 146, PageID 845). Ayers did not address this prejudice conclusion in his Objections (Doc. No. 147). In his Objections to the Supplemental Report, he calls the discussion of elements at the plea colloquy "barebones" and asserts without citation of authority that a defendant's "understanding [of an offense] must come from counsel . . ." (Objections, Doc. No. 151, PageID 892.). During the plea colloquy, Ayers swore he had fully discussed the charges with Mr. Goldberg who had explained them and that he understood the charges. (Plea Tr. Doc. No. 95, PageID 246.)

Ayers does not object to the Magistrate Judge's recommendation to dismiss Ground Two.

In Ground Three Ayers asserted ineffective assistance of trial counsel at the motion to suppress hearing for failure to ask the officer who searched the co-defendant Showes whether he had manipulated the package of heroin in Showes' underpants before removing it. The Report concluded Ayers did not have standing to complain of the search of Showes and the initial Objections recast the claim as ineffective assistance of appellate counsel for not raising this issue on appeal. The Report noted there were other facts connecting Ayers to the heroin in Showes underwear. The Supplemental Report noted Ayers had not shown this was a stronger argument than those actually made on appeal (Doc. No. 149, PageID 883).

In his Objections to the Supplemental Report, Ayers takes issue with this conclusion (Objections, Doc. No. 151, PageID 893-95.) He notes that he was limited by his Plea Agreement to appeal motion to suppress issues. While that is correct, there were stronger arguments arising from the motion to suppress than the argument that Mr. Goldberg provided ineffective assistance

2

of trial counsel by not asking a question about package manipulation. Ayers could have challenged this Court's suppression decision directly as he himself argues (Objections, Doc. No. 151, PageID 894). That would have been a stronger argument than claiming deficient performance by Goldberg.

In Ground Four, Ayers asserts Mr. Goldberg provided ineffective assistance of trial counsel in not challenging the Ping order and resulting warrantless "search" of Ayers' locations. As pled, Ground Four had three sub-claims: (1) the ping order and search warrants violated Ayers' Fourth Amendment rights, (2) Mr. Goldberg was ineffective for not making this argument, and (3) Mr. Nunnari provided ineffective assistance of appellate counsel for not raising either of these issues on appeal. The Magistrate Judge's initial Report found sub-claim 1 was waived by Ayers' guilty plea (Doc. No. 146, PageID 854). It also found Goldberg was not ineffective for failing to challenge the search warrants issued December 7, 2010, and January 14, 2011, because no evidence was seized as a result. Id. at PageID 861-62. As noted in the Supplemental Report, no objection was raised to either of these two conclusions (Doc. No. 149, PageID 884).

The Supplemental Report agreed with Ayers that 18 U.S.C. § 2703, the Stored Communications Act, does not authorize a ping order such as was issued here without a showing of probable cause, but noted the order in question had been issued by a Common Pleas Judge on a purported showing of probable cause (Doc. No. 149, PageID 884). The Objections to the Supplemental Report argue the purported showing of probable cause was insufficient because the information was stale, the facts were not particularized enough, and the confidential informant was unreliable (Objections, Doc. No. 151, PageID 897). Even if all that is true, Ayers fails to

show that these arguments were stronger than the arguments raised and vigorously asserted by Mr. Goldberg in the motion to suppress he actually filed.

Ayers also argues he was subjected to a warrantless search by virtue of the ping order, both by virtue of its duration and by virtue of its "intrusion" into his residence[1]. As the Supplemental Report points out, pinging a cellphone involves monitoring the location of a device voluntarily carried by a person, and not intrusion by government placement of a tracking device. Again, ineffective assistance of trial counsel is not proven by finding some argument which might, on hindsight, have been meritorious.

Accordingly, it is hereby ORDERED that the § 2255 Motion herein be dismissed with prejudice and that Petitioner be denied a certificate of appealability. The Court hereby certifies to the Sixth Circuit Court of Appeals that any appeal from this Order would be objectively frivolous.

February 27, 2015

Susan J. Dlott
United States District Judge

---

[1] This is the same address he contends was the principal residence of someone else for purposes of disclaiming possession of the firearm.